IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CIVIL NO. 3:20-cv-00435 |
| ) | |
| APPROXIMATELY $221,425 IN ) | |
| UNITED STATES CURRENCY SEIZED ) | |
| FROM MITCHELL REED GAYS ON ) | |
| APRIL 27, 2020 IN CHARLOTTE, ) | |
| NORTH CAROLINA. ) | |

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

NOW COMES Plaintiff the United States of America, by and through R. Andrew Murray, United States Attorney for the Western District of North Carolina, in a civil cause of forfeiture, and alleges as follows:

**INTRODUCTION AND NATURE OF THE ACTION**

1. This is a civil action *in rem* against approximately $221,425.00 in United States currency seized from Mitchell Reed Gays ("Gays") on April 27, 2020 in Charlotte, NC (the "Currency").

2. A Charlotte-Mecklenburg Police Department ("CMPD") officer pulled over Mitchell Gays after observing him driving erratically and watching a movie on an iPad attached to his front windshield. At the traffic stop, the officer smelled marijuana coming from Mitchell Gays' rented Land Rover SUV and Gays admitted there was marijuana in the vehicle. A subsequent search of the vehicle revealed cocaine, marijuana, an apparent drug ledger, and $221,425.00 in U.S. currency. Mitchell Gays, a community college student with no known income, could not provide

law enforcement with any documentation supporting that he withdrew the Currency from his bank account as he claimed. Further, a drug detection canine—K9 Enzo—positively alerted to the Currency.

3. Thus, the Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes money furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 841 and/or 846, is proceeds traceable to such an exchange, and is money used or intended to be used to facilitate a violation of 21 U.S.C. §§ 841 and/or 846

4. Procedures for this action are mandated by Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and, to the extent applicable, 21 U.S.C. § 881; 18 U.S.C. §§ 981, 983, and 984; and the Federal Rules of Civil Procedure.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355. These statutes confer original jurisdiction to federal district courts of all civil actions, suits, or proceedings commenced by the United States and any action for the forfeiture of property incurred under any act of Congress.

6. Venue is proper pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred within the Western District of North Carolina. Venue is also proper pursuant to 28 U.S.C. § 1395 because the Currency was seized in the Western District of North Carolina.

7. The Currency has been seized and is now within the Western District of

North Carolina.

8. Based on the following facts, verified by United States Drug Enforcement Administration Task Force Officer ("DEA TFO") Christopher T. Newman, this action seeks the forfeiture of all right, title, and interest in the Currency.

**FACTS GIVING RISE TO FORFEITURE**

9. On April 27, 2020, CMPD Officer Ryan Shields was travelling on I-485 between I-85 and West Boulevard when he saw a white 2020 Land Rover SUV (Oklahoma license plate M72LXH), swerve off to the right of the road, with the right-side tires going off the road's shoulder and causing dirt to fly up into the air. Officer Shields then observed the vehicle exit off I-485 onto West Blvd, and while driving on the off-ramp, the vehicle swerved off to the left, with the left side tires crossing over the road's solid yellow line. The Land Rover then increased speed towards the top of the off-ramp before slowing to a stop at the stop sign.

10. Officer Shields observed the driver, Mitchell Gays, watching a movie on an iPad attached to the front windshield.

11. Thereafter, Officer Shields initiated a traffic stop of the Land Rover, and the vehicle pulled over around 6600 block of West Blvd.

12. By the time Officer Shields approached the vehicle, Gays had removed the iPad and placed it in the front-right passenger seat.

13. Officer Shields asked Gays for his license, registration, and proof of insurance. Gays indicated it was a rental vehicle, and provided his driver's license

3

and rental paperwork.

14. When asked about the movie, Gays stated he was watching "Wherever It Leads" (apparently on Netflix).

15. While standing at the driver-side door, Officer Shields smelled the odor of marijuana coming from the passenger area of the Land Rover.

16. Officer Shields asked Mitchell Gays if he has any marijuana in the vehicle, and Gays initially looked down at his feet, then looked at the passenger seat, and said "Uh? Yes sir, it's in the bag" while pointing to the passenger floorboard area.

17. When asked how much there was, Gays responded "a little tiny jar."

18. Officer Shields asked Gays to step out of the vehicle, and after Gays did so, searched his person. Shields then ran Gays' California driver's license and conducted a warrant check.

19. Several other law enforcement officers arrived to assist. While Officer Shields stood at the hood of his patrol vehicle writing Gays a citation for Careless/Reckless Driving, Officers Thomas Drennan and Michael Miles searched the Land Rover.

20. During this time, Gays engaged in casual conservation with Officer Shields, and told him that he was coming from Washington, D.C., was heading to Atlanta, GA to fly to California, and was in community college.

21. Ultimately discovered in the search of Gays' Land Rover were:

    a. 4.1 grams of marijuana;

    b. 1.0 grams of powder cocaine;

4

Case 3:20-cv-00435   Document 1   Filed 08/07/20   Page 4 of 9

    c. a mailing envelope with numbers and writing consistent with that of a drug ledger; and

    d. $221,425.00 in United States Currency, as shown in the illustrative pictures below:





22. Gays was then arrested for possession of cocaine and transported to a CMPD interview room. Officers J. Porter and B. Condron interviewed Gays after advising him of his *Miranda* rights.

23. During the interview, Gays admitted he smoked marijuana. When asked

about the large amount of currency in his possession, Gays stated that he did not know how much money he was travelling with, but that he took the money from his bank account because "these are crazy times," referencing the coronavirus pandemic.

24. Gays could not provide any requested documentation from his bank account regarding the purported withdrawal.

25. Gays refused to answer questions related to his employment status and lifestyle.

26. When the CMPD officers asked Gays how he would feel if the Currency was seized, Gays showed little emotional reaction—merely shrugging his shoulders and stating ok. Shortly after this, the interview ended when Gays at that time invoked his *Miranda* rights.

27. Later, TFO Newman arrived but Gays declined his interview attempt. Gays did, however, engage in conversation with Newman regarding the investigation. When TFO Newman asked Gays how much money there was, Gays stated that his attorney would get up with Newman and let him know how much there was.

28. Separately, TFO Newman deployed K9 Enzo, a drug detection canine, on the Currency. K9 Enzo positively alerted to the Currency.

29. Research by law enforcement revealed that Gays was currently unemployed with no known income.

30. Ultimately, Mitchell Gays was arrested for Felony Possession of Cocaine, in addition to being charged with Misdemeanor Possession of Marijuana, Misdemeanor Possession of Drug Paraphernalia, and Misdemeanor

Careless/Reckless Driving.

## FIRST CLAIM FOR RELIEF – THE $221,425.00 IN CURRENCY
### (21 U.S.C. § 881(a)(6))

31. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 30 above as if fully set forth herein.

32. The $221,425.00 in Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes money furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 841 and/or 846, is proceeds traceable to such an exchange, and is money used or intended to be used to facilitate a violation of 21 U.S.C. §§ 841 and/or 846.

33. Upon information and belief, the following persons may claim an interest in the Currency seized on April 27, 2020:

- Mitchell Reed Gays;

- Courtesy copy to David Michael, Law Offices of Michael & Burch, LLP.

## CONCLUSION

34. By virtue of the foregoing and pursuant to 18 U.S.C. § 981(f), all right, title, and interest in the Currency vested in the United States at the time of the commission of the unlawful act giving rise to forfeiture and has become and is forfeitable to the United States.

WHEREFORE, the United States of America respectfully prays the Court that:

1. A warrant for the arrest of the Currency be issued;

2. Due notice be given to all parties to appear and show cause why the forfeiture should not be decreed;

3. Judgment be entered declaring the Currency to be condemned and

forfeited to the United States of America for disposition according to law; and

4. The United States be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action, including but not limited to the expenses of maintenance and protection of the Currency as required by 28 U.S.C. § 1921.

Respectfully submitted this 7th day of August, 2020.

        R. ANDREW MURRAY
        UNITED STATES ATTORNEY

        <u>/s/ Seth Johnson</u>
        J. Seth Johnson
        NC Bar No. 53217
        Assistant United States Attorney
        Suite 1650, Carillon Building
        227 West Trade Street
        Charlotte, North Carolina 28202
        Telephone: (704) 338-3159
        Email: seth.johnson@usdoj.gov

## VERIFICATION

I declare under penalty of perjury that the factual information contained in the foregoing Complaint is true and correct according to the best of my knowledge, information, and belief.

Executed on the 7th day of August, 2020.

*[signature]*
Christopher T. Newman, Task Force Officer
United States Drug Enforcement Administration